**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RONALD E. WELDY**
Weldy & Associates
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**WILLIAM T. ROSENBAUM**
Rosenbaum Law, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHERYL RODRIGUEZ, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1307-PL-639 |
| | ) | |
| SOUTHERN DUNES GOLF, LLC, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-0704-PL-17019

**June 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Cheryl Rodriguez appeals a judgment for Southern Dunes Golf, LLC (Southern Dunes). As Southern Dunes was not Rodriguez's employer[1] at the time she earned the commissions she wishes to collect, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 1, 2004, Rodriguez began her employment with Southern Dunes as a Banquet Manager. She was paid $12.00 per hour. In November 2004, Rodriguez was promoted to Special Events Coordinator. As Special Events Coordinator, Rodriguez was paid $505 per week in salary and was entitled to 12.5% of the gratuity charge on food and beverage sales of the events she booked and planned. Until October 15, 2005, Southern Dunes paid Rodriguez.

On October 16, 2005, Najem Catering took over Southern Dunes' food and beverage catering and received all the income and gratuities for events that took place after that date. Prior to this transition, Rodriguez and her supervisor, Brian Garrett, met with Mr. Najem to discuss the transition from Southern Dunes to Najem Catering. Najem Catering increased Rodriguez's salary to $550 per week and her gratuity remained the same. Between October 15, 2005, and November 1, 2005, when her employment was terminated, Najem Catering paid Rodriguez.

Rodriguez booked a variety of events while working at the Southern Dunes. Sometimes these events were scheduled a year or two in advance. When Najem terminated Rodriguez, many of the events she booked had not yet taken place. Rodriguez filed a claim asserting Southern Dunes owed her $3,574.12 in sales commissions from the events she

---

[1] Because we so hold, we need not address whether Southern Dunes and Najem Catering are joint employers.

2

booked that occurred after her termination. The trial court entered judgment in favor of Southern Dunes after concluding Southern Dunes could not be responsible for Rodriguez's unpaid sales commissions.

## DISCUSSION AND DECISION

The trial court *sua sponte* made findings of fact and conclusions of law regarding the identity of Rodriguez's employer at the time of her termination. In this situation,

> the specific findings control our review and the judgment only as to the issues those specific findings cover. Where there are no specific findings, a general judgment standard applies and we may affirm on any legal theory supported by the evidence adduced at trial.
> We apply the following two-tier standard of review to *sua sponte* findings and conclusions: whether the evidence supports the findings, and whether the findings support the judgment. Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility.

*Trust No. 6011, Lake County Trust Co. v. Heil's Haven Condominiums Homeowners Ass'n*, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012), *trans. denied*.

When an employer separates an employee from payroll, "the unpaid wages or compensation of such employee shall become due and payable at regular payday for pay period in which separation occurred." Ind. Code § 22-2-9-2. As Southern Dunes was not Rodriguez's employer at the time of her termination, it is not the appropriate party for Rodriguez to pursue.

The trial court found:

3

24. Najem Catering assumed all responsibility for food and beverage catering through the Southern Dunes Banquet Hall from October 16, 2005 until April 9, 2007.

25. At some point prior to October 15, 2005, Brian Garrett and Cheryl Rodriguez met with Mr. Najem to discuss the transition of food and beverage responsibility from Southern Dunes Golf, LLC to Najem Catering.

26. . . . Cheryl Rodriguez understood that Najem Catering was responsible for food and beverage service for all events, and Ms. Rodriguez directed the host or event sponsor to make their payment for food and beverage services to Najem Catering.

27. Ms. Rodriguez also received her paychecks from Najem Catering beginning in October, 2005.

. . .

29. From and after October 16, 2005, Najem Catering received all revenue from food and beverage sales for Banquet Hall events and received all gratuities for such events.

(App. at 8-9.) The trial court concluded Najem Catering was Rodriguez's employer from October 16, 2005, until her time of termination. (*Id*. at 9.)

In a civil action, a claimant need prove by only a preponderance of the evidence that the defendant committed the act alleged. *French-Tex Cleaners, Inc. v. Cafaro Co.*, 893 N.E.2d 1156, 1166 (Ind. Ct. App. 2008). Rodriguez presented into evidence her employment letter for becoming a Banquet Manager, (Pl.'s Ex. 1), invoices of the events she booked, (Pl.'s Ex. 3), a calculation of her unpaid commissions (Pl.'s Ex. 4), a letter from the Indiana Department of Labor indicating the Department of Labor gave her permission to pursue the claim, (Pl.'s Ex. 5), and an earnings statement from Southern Dunes from November 2004. (Pl.'s Ex. 7.) All that evidence was related to events before Najem Catering took over operations. Southern Dunes presented into evidence pay stubs Najem Catering issued to Rodriguez after it took over operations. (Def.'s Ex. A.) These pay stubs indicate Najem Catering paid Rodriguez both her salary and her commission.(*Id*.) Rodriguez testified that at

4

the meeting Mr. Najem had with the employees he said that "we would be working for him now—or with him now[,]" (Tr. at 38), which indicates she knew there was a transition in employers. Rodriguez's arguments to the contrary are invitations for us to reweigh the evidence, which we cannot do. *See Trust No. 6011, Lake County Trust Co.*, 967 N.E.2d at 14 (stating evidence cannot be reweighed on appeal).

Rodriguez argues her claim, as to commissions due for events booked before the employer transition, is against Southern Dunes because she earned her sales commissions upon booking an event. However, the trial court found the "gratuity was charged on the food and beverage total, and not on the rental fee for the banquet facility." (App. at 7.) The charge on food and beverages was not made until the event occurred because, according to testimony, changes were sometimes made less than ten days before the event occurred. (Tr. at 35.) The invoices that Rodriguez presented support finding the gratuity was charged only to the total of the food and beverage order. (Pl.'s Ex. 3.) Therefore, Rodriguez did not earn any sales commission until after the events took place, which was after the transition to Najem Catering.

This evidence supports the trial court's findings, and the findings support the conclusion Najem Catering was Rodriguez's employer at the time of her termination. Therefore, the trial court did not err in finding Southern Dunes was not responsible for the sales commissions Rodriguez wishes to collect. Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.